Gibson et al. *v.* Briggs et al.

J. GIBSON ET AL. *v.* BRIGGS & DEWEY.

[IN CHANCERY.]

Where, upon the hearing in this court of a case appealed from the court of chancery, the reading of certain testimony was objected to, for the reason that it was taken and filed after the rule for taking testimony in the case had expired, and it did not appear that it was used at the hearing before the chancellor, but it appeared that both parties filed their exhibits in the case after the taking of the testimony objected to, it was held, that the parties must be considered as having kept open, *by consent, the time for taking* testimony, beyond the general rule.

But as the opposite-party claimed, that he had only omitted to file a motion to suppress the testimony, as incompetent, because he did not consider it in the case, the court allowed the matter to stand upon the hearing, the same as if such motion had been filed in proper time. ·

APPEAL from the court of chancery. Upon the hearing in this court it appeared that the testimony of one witness had been taken by the master and filed in the case six months after the rule for taking testimony in the case had expired, and after the other testimony was closed. It did not appear, that there had been any special order of the chancellor for taking this testimony, or that it had been read at the hearing in the court of chancery.

BY THE COURT. Unless it can be shown, that this testimony was used on the hearing of the case before the chancellor, or that it was so taken that it might have been used, we do not perceive how it can be used upon the hearing here.

But it appearing, on farther reading and examination of the papers in the case, that the parties had, on both sides, filed their exhibits after the taking of the testimony objected to, THE COURT considered, that the parties must, by consent, have kept open the time for taking testimony, beyond the general rule, and suffered it to be read here. But as the opposite party claimed, that the testimony was not competent to be used in the case, and that they had omitted to file a motion to suppress it in the court of chancery, because they did not consider it in the case, THE COURT allowed the matter to stand upon the hearing the same as if such motion had been filed in proper time.